# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 13 C 2426<br>Judge James B. Zagel |
| ANNETTE N. SANDOVAL. | |

## MEMORANDUM OPINION AND ORDER

Annette N. Sandoval seeks Section 2255 relief from her convictions for conspiracy to use unauthorized credit cards, for possessing fifteen or more unauthorized credit cards with intent to defraud, and aggravated identity theft, to all of which she plead guilty. Judge Coar imposed a custody sentence of 144 months. Sandoval appealed the sentence (including an attack on the sentencing courts use of the 2009 Sentencing Guidelines). The Court of Appeals rejected the Sandoval arguments and affirmed the sentence.

Now Sandoval "asserts that, as a result of counsel's failure to adequately advise her of the relevant law of this Circuit as it applied in her instance concerning how this Circuit determine[s] who are victims (as defined) in the United States Sentencing Guidelines . . . resulted in counsel's performance being deficient."

This is a difficult claim to prove. A petitioner has to show that, but for errors, the outcome would have been different, and what may, in hindsight, look like a wrong call by defense counsel will not ordinarily lead to a new trial. Lawyers can and do make errors, but the errors will not change the result if counsel was "reasonable" in his decision process even though it was not the best decision to make. We defer to judgment of defense counsel unless the errors are so serious that defense counsel was not in fact functioning as defense counsel. In retrospect,

1

we must also view the prosecution's evidence in the light most favorable to the prosecution. See generally *Strickland v. Washington,* 466 U.S. 668 (1984), *United States v. Lindsay,* 157 F.3d 532 (7th Cir. 1998), *Ticey v. Peters* 8 F.3d 498 (7th Cir. 1993). Finally,even an inept, unprofessional defense won't help the petitioner if the result would have been the same. *United States v. Taylor,* 569 F.3d 742 (7th Cir. 2009).

Sandoval complains that her sentence was, in part, based on the 7th Circuit's principle that sentences are imposed under the Guidelines that were in effect at the time of sentencing. It is true that the Supreme Court rejected this rule in *Peugh v. United States,* 133 S.Ct. 2072 (2013), which was decided almost a year after Sandoval lost on direct appeal. Cases like *Peugh* are not to be applied retroactively unless it decriminalizes specific conduct, narrows the scope of liability or creates a watershed rule of criminal procedure. Binding 7th Circuit precedent notes that since *"Peugh* says that 'failing to calculate the correct Guidelines range constitutes procedural error' ...the implication is that the rule announced in *Peugh* won't be applied retroactively." See *Hawkins v. United States,* 724 F.3d 915 (7th Cir. 2013).

Even if *Peugh* were applied here, the sentence would be the same. Defense counsel did seek a lower offense level (based on number of victims) than did the prosecution, but the sentence imposed was within the Guideline that encompassed the court's decision on sentencing.

The definition of a "victim" was disputed by defense counsel, and the plea agreement itself allowed Petitioner to argue that the victims numbered less than ten rather than more than fifty as the prosecution claimed. It is clear from the plea agreement itself, explained to the petitioner by the judge, that Petitioner was aware that the number and nature of victims was an issue in the case. Defense counsel argued against the conclusions of the presentence report. It may be that Petitioner did not understand the (sometime fine) definition of "victim," but she

knew that the issue of who was to be a victim was an issue in controversy. Moreover, there is nothing to establish that Petitioner was blindsided by the scope of the law made clear to her in the plea agreement. This is not a case where defense counsel neglected her duties. She made a reasonable argument for a reasonable sentence.

This collateral attack (as are a few others) is based on the premise that, had the petitioner only been informed of some fine legal points of law, the petitioner would have had the legal ability to make her own correct interpretation of law. In fact, the issue of whether a four level or other enhancement could be made or refused is not now, and was not then, clearly mandated by law. The sentence imposed was neither forbidden not required by the law covering enhancements. The final misguided complaint of Petitioner is her view that both her lawyer and the 7th Circuit were wrong about which edition of Guidelines should apply.

I decline to issue a certificate of appealability. The petition is without merit.

ENTER:

James B. Zagel
United States District Judge

DATE: February 6, 2014